1

2
**E-Filed 2/25/2011**

3

4

5

6

7

8

9
IN THE UNITED STATES DISTRICT COURT

10
FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
SAN JOSE DIVISION

12
BENTON P. ZWART, M.D., M.P.H. and
CHRISTOPHER JONES, on behalf of themselves
and all others similarly situated,

Case No. 5:10-cv-03992-JF (HRL)

13

14
Plaintiffs,

ORDER[1] GRANTING MOTION TO
DISMISS PLAINTIFFS' FIRST
AMENDED COMPLAINT WITH
LEAVE TO AMEND

v.

15
HEWLETT-PACKARD COMPANY,

[Re: Docket No. 20]

16
Defendant.

17

18

19
    Plaintiffs Benton P. Zwart, M.D., M.P.H. and Christopher Jones ("Plaintiffs") bring this

20
action on behalf of themselves and a purported class of consumers who purchased Hewlett-

21
Packard notebook computers believing that the wireless cards included with the computers were

22
capable of operating on both the 2.4 GHz and 5.0 GHz frequency bands.  In their First Amended

23
Complaint ("FAC"),[2] Plaintiffs claim that Defendant Hewlett-Packard Company ("HP")

24
breached an express warranty by allegedly representing that the subject computers contained

25
wireless cards capable of operating on dual-frequency bandwidths, when in fact the cards

26

27
    [1] This disposition is not designated for publication in the official reports.

28
    [2]  The parties stipulated to the filing of Plaintiffs' first amended complaint on October 27,
2010. Dkt. 18.

1   installed in Plaintiffs' computers function only on the 2.4 GHz band.  Additionally, Plaintiffs

2   claim that HP's alleged misrepresentations violated both the California Unfair Competition Law,

3   Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), and the California Consumers Legal Remedies

4   Act, Cal. Civ. Code § 1770 *et seq.* ("CLRA").[3]  HP contends that the statements at issue

5   concerned only configure-to-order ("CTO") computers, not the pre-built models purchased by

6   Plaintiffs, and it moves to dismiss the FAC in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) and

7   12(b)(6).  The Court heard oral argument on the instant motion on February 11, 2011.  For the

8   reasons set forth below, the motion will be granted, with leave to amend.

### I. FACTUAL BACKGROUND

10          Plaintiff Zwart alleges that in April 2010, he accessed the HP website at www.hp.com to

11  research the bandwidth capabilities of the wireless cards in the HP G71 series notebook

12  computer.  FAC ¶¶ 24-25.  Zwart learned that HP allows consumers to customize the G71

13  notebook for online purchase.  *Id.* ¶26.  Consumers may choose from a variety of components,

14  including four separate wireless cards, each capable of functioning on the 2.4 GHz and 5.0 GHz

15  frequencies.[4]  *Id.* ¶¶ 27-32.  Based on this information, Zwart purchased a pre-configured G71

16  notebook from Office Depot and canceled his order for a Toshiba notebook that was equipped

17  with a wireless card operable only on the 2.4 GHz band.  *Id.* ¶¶ 36-37.  Plaintiff Jones alleges

18  virtually the same facts with respect to his purchase of the HP TX2Z series notebook computer.

19  *Id.* ¶¶ 43-60.  Jones does not claim that he cancelled a previous order in response to the

20  information he obtained from the HP website.

21          After making their retail purchases, Plaintiffs allegedly discovered that the wireless cards

22  could access only the 2.4 GHz signal.  *Id.* ¶¶ 37, 57.  According to Plaintiffs, even if they

---

24          [3] Although Plaintiffs cite to Cal. Civ. Code § 1750, this section has been preempted by
25  the Federal Food Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.  See Perez v. Nidek Co. Ltd.*,
    657 F. Supp. 2d 1156 (S.D. Cal. 2009).

26          [4] According to Plaintiffs, the 5.0 GHz bandwidth allows faster data transfer than the
27  2.4GHz band and is less susceptible to network interference.  *Id.* ¶ 2.

28                                                      2

1  purchased a replacement dual-frequency card, it would be incompatible with their computers,

2  because HP restricts the modification of its notebook computers through BIOS whitelists.[5] *Id.* ¶¶

3  22, 41, 60.  They allege that HP has not configured its BIOS whitelists to recognize dual-

4  bandwidth wireless cards on Plaintiffs' computers.  *Id.* ¶ 22.

5      Plaintiffs now seek to bring a putative class action on behalf of themselves and the

6  following class and subclass:

7      Nationwide Class: All persons and entities in the United States who purchased a
       Subject Computer for which HP represented the equipped wireless cards operated
8      on both the 2.4 GHz and 5.0 GHz frequency bands, but where the wireless cards
       were not capable of such operation (the "Class").
9
       Nationwide Subclass: For the purposes of the CLRA claim only, all consumers
10     who are residents of the United Sates who purchased a Subject Computer for
       which HP represented the equipped wireless cards operated on both the 2.4 GHz
11     and 5.0 GHz frequency bands, but where the wireless cards were not capable of
       such operation (the "Subclass").
12
   *Id.* ¶ 61.

13                              **II. LEGAL STANDARD**

14     "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a

15  cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v.*

16  *Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).  For purposes of a motion to

17  dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in

18  the light most favorable to the plaintiff.  *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843,

19  23 L.Ed.2d 404 (1969).  "To survive a motion to dismiss, a complaint must contain sufficient

20  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim

21  has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

22  reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,*

23  129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556,

24

25  —————————

26     [5] BIOS is a technical acronym standing for "Basic Input/Output System."  *Id.* ¶ 22.  A
   whitelist is a list containing pre-selected devices that HP has approved to run on its systems.  *Id.*
27  Only devices listed on the BIOS whitelist will operate on an HP notebook.  *Id.*

28                                      3

570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Thus, a court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint.  *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir.1994).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air For Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004); *See also Alperin v. Franciscan Order*, No. C-99-4941-MMC, 2009 WL 2969465, at *2 (N.D. Cal. Sep. 11, 2009).  In a facial attack, the moving party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction.  *Id*.  In a factual attack, the moving party disputes the truth of the allegations in the complaint, which otherwise would be sufficient to invoke federal jurisdiction.  *Id*.

Here, HP brings a facial attack, arguing that Plaintiffs have failed to allege an injury in fact as required by Article III of the U.S. Constitution, the CLRA, and the UCL.  However, "a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim rather than a dismissal for lack of subject matter jurisdiction." *Vaughn v. Bay Envtl. Mgmt.*, *Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995).  When amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.1996).

## III. DISCUSSION

### A.  Violations of the UCL and CLRA

Plaintiffs claim that HP violated the CLRA by making false statements about the wireless cards in its notebook computers with the intent not to sell the cards as advertised.[6]  FAC ¶¶ 76-78.  According to Plaintiffs, these alleged misrepresentations also constituted unfair, unlawful,

---

[6]  Pursuant to Section 1782 of the CLRA, Plaintiffs submitted written notice of their claim to HP on June 18, 2010, more than thirty days before filing the original complaint, demanding that HP rectify the alleged misrepresentations.  *Id.* ¶ 80.

4

1   and fraudulent business practices under the UCL.  *Id.* ¶¶ 82-89.

2       In order to bring a successful CLRA claim, a consumer "must allege he or she was

3   damaged by an alleged unlawful practice" as declared by Cal. Civ. Code § 1770.  *Johns v.*

4   *Bayer Corp.*, No. 09-CV-1935-DMS, 2010 WL 476688, at *4 (S.D. Cal. Feb. 9, 2010) (citing

5   *Meyer v. Sprint Spectrum L.P.*, 45 Cal.4th 634, 638 (2009)); *See also* Cal. Civ. Code § 1780(a)

6   ("Any consumer who suffers any damage as a result of the use or employment by any person of a

7   method, act, or practice declared to be unlawful by Section 1770 may bring an action against that

8   person....").  To make out a cognizable UCL claim, a plaintiff must plead that he or she "'has

9   suffered injury in fact and has lost money or property as a result of' a defendant's unlawful,

10  unfair, or fraudulent business practices." *Johns v. Bayer Corp.* at *4 (citing Cal. Bus. & Prof.

11  Code §§ 17203-04.).  In addition, the UCL "'imposes an actual reliance requirement'" under

12  which plaintiffs seeking to represent a class of consumers must "'plead and prove actual

13  reliance'" on the challenged conduct."  *Id.* (citing *In re Tobacco II Cases*, 46 Cal.4th 298, 326,

14  328 (2009))

15      HP contends that Plaintiffs lack standing to bring either claim because they have not

16  suffered a cognizable injury.  It argues that the alleged false statements described in the FAC

17  concern only the customizable CTO G71 and TX2Z series notebook computers available for

18  purchase on the HP website, not the pre-configured computers purchased by Plaintiffs at retail

19  stores.  In response, Plaintiffs argue that their claims do not depend upon the distinction between

20  CTO notebooks and pre-configured models.  Rather, the essence of their claims is that HP's

21  representations relate to the entire *line* of G71 and TX2Z series notebooks.  Under this theory,

22  the pre-built notebooks also should have been equipped with dual-frequency wireless cards.

23      A plain reading of the FAC supports HP's position.  Plaintiffs do not allege that HP ever

24  represented that the components available for CTO notebooks also would be available for the

25  entire model series.  Instead, without any supporting factual allegations, Plaintiffs claim that the

26  wireless card choices installed in the G71 and TX2Z "are the same regardless of whether the

27  notebook is custom built or pre-built to be sold through a third-party vendor," and that pre-built

28

Case No. 5:10-cv-03992 JF (HRL)
ORDER GRANTING MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT WITH LEAVE
TO AMEND
(JFLC1)

notebooks "will only come equipped with one of the four cards available for customization."[7]
FAC ¶¶ 33, 53.  Plaintiffs include a screenshot from the HP website that lists the four wireless
cards available for the G71 notebook, each of which is capable of operating on dual-bandwidth
frequencies.  *Id.* ¶ 31.  However, the screenshot itself does not contain any indication as to
whether the wireless cards are available for CTO or non-CTO notebooks.  While it may be
inferred from other allegations in the FAC that the cards are available with CTO notebooks, *see
Id.*  ¶¶ 27, 47  "one . . . component HP offers *for customization* . . . is the wireless network card."
(emphasis added), this inference offers no support for Plaintiffs' claim that the wireless cards are
consistent throughout the model line.  Plaintiffs simply do not explain what led them to believe
that the wireless cards available in computers for purchase at retail stores are identical to the
cards available in computers sold online.

Had Plaintiffs purchased a customizable notebook online and received a non-conforming
card, their allegations likely would support a UCL or CLRA claim.  Similarly, Plaintiffs might
be able to state a claim under the UCL or CLRA by alleging that the representations on HP's
website were so confusing that a reasonable consumer would not have understood them to apply
to only CTO computers.  While Plaintiffs' counsel asserted at oral argument that the FAC
contains such allegations, in fact it does not.  Plaintiffs plainly allege that HP's representations
applied to both CTO and non-CTO G71 and TX2Z notebooks.  They cannot assert that HP's
representations misled consumers into believing that non-CTO notebooks would come with dual-
bandwidth cards and at the same time argue that the representations in fact constituted such a
promise.  The arguments are mutually exclusive.

Plaintiffs thus have not made out an injury under the UCL or CLRA, nor have they
established the requisite reliance or causation.  For claims grounded in misrepresentation,

---

[7] In addition, Plaintiffs assert that all HP notebooks of the same mode line "are built from
the same menu of available components, including wireless cards. . . . The only difference is that
the CTO indicates a customer selected from the menu of parts instead of HP."  Opp. Br. at 9;
FAC ¶¶ 33, 53.  Yet, they fail to provide factual support, verifying that this assertion is true.

6

standing under the UCL "requires a plausible claim of causation, which in turn requires a showing of reliance."[8] *Kaing v. Pulte Homes, Inc.*, No. 09-5057-SC, 2010 WL 625365, at *3 (N.D. Cal. Feb. 18, 2010).  Likewise, under the CLRA a plaintiff must allege "a plausible claim that she suffered an injury 'as a result of' the offending conduct." *Id.* at *4 (citing Cal. Civ. Code § 1780(a).).  As in *Oestricher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 n.7 (N.D. Cal. 2008), if the alleged misrepresentations do not relate to the product at issue, they cannot be said to have induced reliance on their contents.

### B. Breach of Express Warranty

Pursuant to Cal. Comm. Code § 2313(1)(b), Plaintiffs claim that HP breached an express warranty by description. FAC ¶ 95.  Under the statute, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Comm. Code § 2313(1)(b).  California courts apply a three-step approach when analyzing a claim for breach of an express warranty.  They first seek to determine "whether the seller's statement amounts to an affirmation of fact or promise relating to the goods sold." *Meaunrit v. Pinnacle Foods Grp., LLC*, No. C 09-04555-CW, 2010 WL 1838715, at *11 (N.D. Cal. May 5, 2010) (citing *McDonnell Douglas Corp. v. Thiokol Corp*., 124 F.3d 1173, 1176 (9th Cir.1997)).  Next, they evaluate the relevant promise to determine if it was "part of the basis of the bargain." *Id.*  "[I]f the seller made a promise relating to the goods and that promise

---

[8] Under the UCL, there are three varieties of unfair competition: unlawful, unfair, and fraudulent. Cal. Bus. & Prof. Code § 17200.  Plaintiffs have pled each. They contend that reliance is necessary to establish causation only for a fraudulent UCL claim.  Opp. Br. at 11 n.3. Thus, the allegation that Plaintiffs purchased their computers in response to HP's representations suffices to establish a causal relationship for unlawful and unfair practices under the UCL. *Id.* However, courts have held that, "for UCL claims . . . the plaintiff must show actual reliance regardless of whether the claim arises under the 'unfair,' 'unlawful' or 'fraudulent' prong of the UCL." *Carney v. Verizon Wireless Telecommunications, Inc.*, No. 09-1854-DMS, 2010 WL 1947635, at *3 (S.D. Cal. May 13, 2010); *See e.g.,In re Actimmune Mktg. Litig.*, No. C 08-02376-MHP, 2010 WL 3463491, at *8 (N.D. Cal. Sep. 1, 2010) ("Since *Tobacco II*, at least one California Court of Appeal and one federal district court have held that a plaintiff must plead 'actual reliance,' even if their claim arises under the unlawful or unfair prongs, so long as the pleadings assert a cause of action grounded in misrepresentation or deception.").

1    was part of the basis of the bargain," courts will then analyze whether the seller breached the

2    warranty. *Id.*

3        For the reasons explained above, HP's statements do not amount to a promise relating to

4    the pre-built notebook computers purchased by Plaintiffs, nor could these statements have

5    formed the basis of Plaintiffs' bargain.[9]

6                              **IV. ORDER**

7        Because Plaintiffs have failed to provide non-conclusory allegations showing that HP's

8    representations regarding customizable computers constituted a promise as to the pre-configured

9    computers purchased by Plaintiffs, Defendant's motion will be GRANTED, WITH LEAVE TO

10   AMEND.  Any amended pleading shall be filed within twenty (20) days after the date of this

11   order.  HP's request for judicial notice will be DENIED as moot.

12   IT IS SO ORDERED.

13

14   DATED: 2/24/2011                           _____

15                                              JEREMY FOGEL
                                                United States District Judge
16

17

18

19

20

21

22

23

24

25        [9] HP argues also that the breach of warranty claim is precluded by the limited warranty
26   included with Plaintiffs' computers.  Because the claim already is subject to dismissal under the
     three-step analysis applied above, the Court need not address this argument.  Accordingly, HP's
27   request that the Court take judicial notice of the limited warranty is moot.

28                                           8